**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | ) | Case No. 26-cv-13321 |
| *Plaintiffs,* | ) | Judge |
| v. | ) | Magistrate Judge |
| A. LINDBERG & SONS, INC., a Michigan corporation, | ) | |
| *Defendant*. | ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendant, A. Lindberg & Sons, Inc., allege as follows:

## JURISDICTION AND VENUE

1. This action is brought and maintained by the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") in accordance with provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*., to remedy a failure by an employer to comply with the Pension Fund's demand for an audit.

2. This Court has jurisdiction over this action under 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under 29 U.S.C. § 1132(e)(2), in that the Pension Fund is administered at its principal and exclusive place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement (the "Trust Agreement"), which designates this District as the appropriate forum for lawsuits brought by the Pension Fund.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6. Plaintiff Charles A. Whobrey is a trustee and "fiduciary" of the Pension Fund as that term is defined in 29 U.S.C. § 1002(21)(A). Pursuant to 29 U.S.C. § 1132(a)(3), Charles A. Whobrey is authorized to bring this action on behalf of the Pension Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7. Defendant A. Lindberg & Sons, Inc. ("Lindberg") is a corporation organized under the laws of the State of Michigan. Lindberg is an "employer" and a "party-in-interest" as those terms are defined by 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND

8. Local Union No. 406 of the IBT (the "Local Union") is a labor organization which represents, for the purpose of collective bargaining, certain employees of Lindberg and employees of other employers in industries affecting interstate commerce.

9. During all relevant times, Lindberg and the Local Union have been parties to collective bargaining agreements pursuant to which Lindberg has been required to make contributions to the Pension Fund on behalf of certain of its covered employees.

10. Lindberg has also agreed to be bound by the terms of the Trust Agreement and all rules and regulations promulgated by the Pension Fund's Trustees under the Trust Agreement.

11. Under Article III, Section 1 of the Trust Agreement, Lindberg is required to "remit continuing and prompt Employer Contributions to the [Pension Fund] as required by the applicable collective bargaining agreement, participation agreement, this [Trust] Agreement and/or other written agreement to which the Employer is a party . . . ."

12. The Pension Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Pension Fund bills the employers for contributions.

13. The Trust Agreement permits the Pension Fund to audit the records of participating employers to verify the accuracy and completeness of employee work history reported by the employers.

14. Article III, Section 5 of the Trust Agreement states, in relevant part:

> **Production of Records -** Each Employer shall promptly furnish to the Trustees, upon reasonable demand, with access to the documents that are necessary to determine whether the Employer is in compliance with all of its obligations under this [Trust] Agreement and any rules of the Fund as well as any Participation Agreement, Collective Bargaining Agreement or other Agreement relating to participation in the Fund. The records the Employer shall provide include, without limitation, payroll records (including the names and last known addresses of its Employees, their Social Security numbers, the hours worked by each Employee and past industry employment history in its files), information relating to vendors (including vendor invoices and the Employer's cash disbursement journal) and such other information as the Trustees may reasonably require in connection with the administration of the Trust . . . .

15. 29 U.S.C. § 1132(a)(3) provides:

> A civil action may be brought—

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provisions of the subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

16. 29 U.S.C. § 1132(g)(1) provides:

In any action under this subchapter (other than an action described in paragraph (2) [relating to actions seeking judgments for delinquent contributions]) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

## CLAIM FOR RELIEF

17. Plaintiffs hereby reallege and incorporate the allegations made in paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. During the period of 2023 through 2025, Lindberg reported the work history of its covered employees to the Pension Fund.

19. By letter dated January 27, 2026, the Pension Fund informed Lindberg of the Pension Fund's request to perform an audit of Lindberg for the period of 2023 through 2025 (the "Audit Period") beginning on February 24, 2026. The letter stated that the purposes of the audit included identifying all eligible plan participants, verifying that contributions were properly reported for the Audit Period, and verifying compliance with the Trust Agreement and the Pension Fund's rules.

20. Subsequently, including via a May 6, 2026 phone call with (and a May 6, 2026 follow up email to) Lindberg, a July 2, 2026 email to Lindberg and a July 8, 2026 letter to Lindberg, the Pension Fund requested specific documents from Lindberg that it needs to begin its audit. These documents (the "Initial Audit Documents") included the following: (1) IRS Form 941 quarterly reports for the Audit Period; (2) year-end payroll reports for all employees (including names, job titles, hire/termination dates, and total gross wages) for the Audit Period; (3) individual payroll reports for all Teamster employees (including days and hours worked per week and weekly

gross wages) for the Audit Period; (4) OSHA Forms 300/300A for all Teamster employees relating to any on-the-job injuries that occurred during the Audit Period; (5) injury tracking sheets for all Teamster employees relating to any on-the-job and off-the-job injuries/illnesses that occurred during the Audit Period; and (6) cash disbursement journals for all company payments to vendors (including the name and amounts paid to each vendor) during the year 2025.

21. In the letter dated July 8, 2026, the Pension Fund requested that Lindberg produce the Initial Audit Documents by July 27, 2026. Lindberg failed to produce any of the documents.

22. By letter dated August 19, 2026, the Pension Fund reiterated its request for the Initial Audit Documents. The Pension Fund requested that Lindberg produce the documents by September 2, 2026. Lindberg failed to produce any of the documents.

23. By letter dated September 15, 2026, the Pension Fund reiterated its request for the Initial Audit Documents. The Pension Fund requested that Lindberg produce the documents by October 1, 2026. It further advised Lindberg that unless the documents were received (or other arrangements for production were agreed to) by October 1, 2026, the Pension Fund would file a lawsuit to compel production of the documents.

24. Lindberg has not produced any of the documents requested by the Pension Fund, including the Initial Audit Documents, and has not responded to the Pension Fund's September 15, 2026 letter.

25. By not producing the records requested by the Pension Fund, Lindberg has breached the Trust Agreement by failing to furnish, after reasonable demand, documents that are reasonably required by the Trustees in connection with the administration of the Pension Fund, as the documents are needed to determine whether Lindberg has made all required contributions to the Pension Fund.

26. Article III, Section 6 of the Trust Agreement states, in relevant part:

> [T]he Employer shall be liable for any attorneys' fees and costs in any litigation or arbitration filed by the Fund . . . in which the Fund prevails, including . . . suits or arbitrations relating to . . . audit demands[.]

27. Article XIV, Section 12 of the Trust Agreement provides:

> An Employer shall be required to pay audit fees and audit costs if litigation is required to obtain access to any records that are requested in connection with an audit and/or if litigation is required to collect additional billings that result from the audit. Audit fees will be calculated at the market rate for the metropolitan Chicago area.

**WHEREFORE,** Plaintiffs request the following relief:

(a) An order directing Defendant A. Lindberg & Sons, Inc. to comply with the Trust Agreement and ERISA by permitting the Pension Fund's representatives to conduct an audit for the period of 2023 through 2025, producing the Initial Audit Documents that have been requested, and producing any and all additional documents that are reasonably requested by the Pension Fund in connection with the audit and the administration of the Pension Fund;

(b) That Defendant A. Lindberg & Sons, Inc. be ordered to pay all audit costs incurred by the Pension Fund in performing the audit;

(c) That Defendant A. Lindberg & Sons, Inc. be ordered to pay all attorneys' fees and costs incurred by the Pension Fund in connection with this litigation;

(d) That the Court retain jurisdiction of this cause pending compliance with its order; and

(e) Such further relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Gabrielle Pilgrim*

Gabrielle Pilgrim (#6346422)
Central States Funds Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
(847) 939-2508
gpilgrim@centralstatesfunds.org

October 29, 2026

*ATTORNEY FOR PLAINTIFFS*